UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR 00-1006-SNL |
| | ) | |
| INGMAR ELROY GILLON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pro se defendant's motion to vacate, pursuant to 28 U.S.C. § 2255 is before the Court. An amended brief in support of the motion was filed August 16, 2005 and additional requests for consideration were filed December 16, 2005. The Government has not responded.

Defendant was convicted in the district court of being a felon in possession of a firearm and of possession of cocaine base (crack) with intent to deliver while on pretrial release. He was sentenced to 360 months imprisonment.

On appeal, defendant asserted that the indictment was defective, that his motion to suppress should have been granted and that he received ineffective assistance of counsel. The judgment of conviction and sentence was affirmed. U.S.A. v. Ingmar Elroy Gillon, 348 F.3d 755 (8th Cir. 2003). The opinion was dated October 31, 2003 and a rehearing, and rehearing en banc request, was denied December 5, 2003. Id. at 755.

The defendant did not file a Writ of Certiorari with the United States Supreme Court. There was no other action in the case until defendant filed his current request for relief pursuant to 28 U.S.C. § 2255 on March 28, 2005.

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and is subject to summary dismissal.

Defendant's motion under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from the date on which the judgment of conviction becomes final. The judgment of conviction becomes final when the time expires for filing a Petition for Certiorari contesting the appellate court's affirmation of the conviction. As defendant did not file a Petition for Certiorari the time in which he could have petitioned for Certiorari expired ninety days after entry of the Court

of Appeals' judgment.  Clay v. United States, 537 U.S. 522 (2003).

Here, the Court of Appeal's judgment was entered December 5, 2003 when the request for rehearing en banc was denied.  Defendant had ninety days from that time, or until March 5, 2004, to file Petition for Certiorari to the United States Supreme Court.  As there was no request for certiorari, March 5, 2004 was the date on which the judgment of conviction became final.  At that point, defendant is subject to the one year limitation that runs March 5, 2004 and ends March 4, 2005.  As the motion for relief was not filed until March 28, 2005, it is time-barred.

There are no facts in the record indicating that equitable tolling is applicable.  See Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999), (equitable tolling is proper when "extraordinary circumstances" beyond prisoners' control makes it impossible to file timely habeas action).

It should have been obvious to defendant that if he felt he had a remedy under § 2255, he should have addressed it timely.  Defendant attempted to raise ineffective assistance of counsel arguments on appeal but the appellate court refused to address them.  The Court stated "Here we decline to review Mr. Gillon's ineffective-assistance claims because the district court did not develop a record on them, and we do not think that requiring the defendant to seek review in a motion to vacate under 28 U.S.C. § 2255 will result in a 'plain miscarriage of justice.' See United States v. Santana, 150 F.3d 860, 863 (8th Cir. 1998)." U.S. v. Gillon, 348 F.3d at 761.  Obviously, defendant was put on notice to assert any claims that he had under § 2255 and he failed to do so timely.

In addition, it would appear that defendant's claims are not meritorious.  He claims ineffective assistance of counsel with all of his trial attorneys and appellate attorney.  For illustration, defendant claims counsel did not file motions or obtain exculpatory evidence, did not

secure expert testimony as to photographs, did not timely notify the Court of lack of confidence between defendant and counsel, withheld evidence containing material facts, lack of interviewing potential witnesses, failure to advise witnesses would be excused after testifying, failure to object to defective indictments and failure to question witnesses properly and to apply the rules of law adequately.

This Court was the trier of facts and although most of the motions were heard before the Magistrate Judge, the record is substantial as to what occurred. On the basis of the record and the Court's presence during the trial of the case, it appeared that all counsel acted properly and thoroughly investigated the case and presented it to the Court. All proper motions were filed and heard. The fact that the defendant did not testify at a motion hearing, on advice of counsel, if in fact that occurred, was a legal decision made by counsel which is not subject to attack here. Counsel fully cross-examined all government witnesses and was fully informed as to the nature of defendant's position. The issue of a defective indictment was presented on appeal and addressed by that Court. Defendant's counsel, in all respects, utilized the rules of evidence properly in the trial.

As is frequently the case, many defendants wish an attorney representing them to do things that cannot be accomplished and to try the case in a way in which the defendant feels proper as opposed to following the rules of the Court and of evidence by one trained in the law when a defendant is not.

> "An ineffective assistance claim generally requires two showings. 'First, the defendant must show that counsel's performance was deficient.' Strickland, 466 U.S. at 687, 104 S.Ct. 2052. This entails 'showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' Id. Second, the defendant must show prejudice. Id. To show prejudice, he or she must prove that 'counsel's errors were

secure expert testimony as to photographs, did not timely notify the Court of lack of confidence between defendant and counsel, withheld evidence containing material facts, lack of interviewing potential witnesses, failure to advise witnesses would be excused after testifying, failure to object to defective indictments and failure to question witnesses properly and to apply the rules of law adequately.

This Court was the trier of facts and although most of the motions were heard before the Magistrate Judge, the record is substantial as to what occurred. On the basis of the record and the Court's presence during the trial of the case, it appeared that all counsel acted properly and thoroughly investigated the case and presented it to the Court. All proper motions were filed and heard. The fact that the defendant did not testify at a motion hearing, on advice of counsel, if in fact that occurred, was a legal decision made by counsel which is not subject to attack here. Counsel fully cross-examined all government witnesses and was fully informed as to the nature of defendant's position. The issue of a defective indictment was presented on appeal and addressed by that Court. Defendant's counsel, in all respects, utilized the rules of evidence properly in the trial.

As is frequently the case, many defendants wish an attorney representing them to do things that cannot be accomplished and to try the case in a way in which the defendant feels proper as opposed to following the rules of the Court and of evidence by one trained in the law when a defendant is not.

> "An ineffective assistance claim generally requires two showings. 'First, the defendant must show that counsel's performance was deficient.' Strickland, 466 U.S. at 687, 104 S.Ct. 2052. This entails 'showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' Id. Second, the defendant must show prejudice. Id. To show prejudice, he or she must prove that 'counsel's errors were

> so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable.' Id.; *accord* Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (admonishing that the prejudice prong encompasses more than mere outcome determination; rather, the focus of the question of prejudice is 'whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.')."

Covey v. United States, 377 F.3d 903, 906 (8th Cir. 2004). A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). Ordinarily, if the defendant cannot prove prejudice, it is not necessary to address whether counsel's performance was deficient. United States v. Apfel, , 97 F.3d 1074, 1076 (8th Cir. 1996); DeRoo, at 925. The same standard set out in Strickland and Covey is equally applicable to the performance of appellate counsel. Lockhart, 113 S.Ct. at 842

It is the opinion of the Court that defendant here has not shown that any of his counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. In addition, the defendant has not shown prejudice. This Court is the trier of fact and does not believe that the errors of any counsel, if there were any, were so serious as to deprive defendant of a fair trial. Accordingly, defendant's request for relief under § 2255 should be denied on the merits as well.

Dated this 14th day of March, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE